352 S.E.2d 149

**STATE of West Virginia**

v.

**Michael Ray CORBETT.**

**No. 16592.**

Supreme Court of Appeals of West Virginia.

Dec. 19, 1986.

---

Gregory J. Campbell, Charleston, for appellant.

Atty. Gen. Charlie Brown and Asst. Atty. Gen. Bethany Boyd, Charleston, for appellee.

PER CURIAM:

The defendant, Michael Ray Corbett, appeals from his misdemeanor conviction of simple possession of marijuana in the Circuit Court of Nicholas County, contending primarily that the trial court erred in denying his motion to suppress because the affidavit for the search warrant did not establish probable cause.

The record reveals that on August 28, 1983, a Nicholas County magistrate issued a search warrant for the defendant's residence. The grounds stated in the affidavit of Corporal D.J. Meadows were as follows:

> "[A] confidential police informant was with a friend of his that had bought a bag of Marihuana ½ ounce for $75.0 [sic] from Michael Corbett and had given it to him, which I have now. He stated it was fresh Marihuana and that Michael Corbett had other marihuana drying in his house and stated that it was kept in a room on the left after entering the house. The purchase was made August 27, 1983 and I believe the house may contain Marihuana." [1]

In *State v. Adkins*, 176 W.Va. 613, 346 S.E.2d 762 (1986), we discussed at some length the standard for evaluating the sufficiency of a search warrant affidavit. We recognized that in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court had altered its previous two-pronged standard [2] by adopting a more liberal totality of

---

1. The warrant affidavit also contained a description of the house to be searched.

2. *See Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964); *Spinelli*

the circumstances test. We adopted this totality test in Syllabus Point 4 of *Adkins*:

"Under the Fourth Amendment to the United States Constitution and Article III, Section 6 of the West Virginia Constitution, the validity of an affidavit for a search warrant is to be judged by the totality of the information contained in it. Under this rule, a conclusory affidavit is not acceptable nor is an affidavit based on hearsay acceptable unless there is a substantial basis for crediting the hearsay set out in the affidavit which can include the corroborative efforts of police officers." [3]

We found the affidavit in *Adkins* did not contain sufficient factual information under the *Gates* analysis to support a finding of probable cause. In *Adkins*, the factual basis for the warrant was simply that a confidential informant had told the affiant police officer he had observed marijuana inside a residence under the defendant's control. The affidavit did not state on what date the informant had observed the marijuana nor that he had purchased or turned over any marijuana. In evaluating the sufficiency of the affidavit, we recognized that the failure to provide the date of the informant's observation "creates a staleness problem that has caused courts to find some search warrant affidavits to be deficient." 176 W.Va. at 624, 346 S.E.2d at 774. (Footnote omitted). We concluded that the affidavit in *Adkins* was so meager as to constitute a "bare bones" or conclusory affidavit and that "the totality rule was not meant to validate 'bare bones' affidavits." 176 W.Va. at 621, 346 S.E.2d at 771.

Here, the affiant police officer gave the date of the observance, which was the day before the officer made the application for the warrant. The affidavit also contains other indicia of probable cause not present in the *Adkins'* affidavit. It indicates that the marijuana which was purchased was still fresh, while other marijuana was being dried in a room located on the left just after entering the house. Furthermore, the affiant police officer stated in the affidavit that he had the marijuana allegedly purchased from the defendant in his possession. These facts further differentiate this case from *Adkins* and serve to minimize the possibility that the informant's hearsay statements were a fabrication.

■ Under the totality of the circumstances, we believe the facts contained in the affidavit provided the magistrate with a sufficient basis to demonstrate probable cause for the issuance of the search warrant. Consequently, we conclude the search warrant was valid and that the trial court did not err in denying the defendant's motion to suppress the marijuana seized from his residence.

The defendant's second assignment of error is that the trial court should not have permitted the State to introduce the search warrant and supporting affidavit into evidence because they contained information as to another crime. The defendant was not indicted on the transaction contained in the search warrant, but was charged with possession with intent to deliver marijuana after the officers found a quantity of mari-

---

*v. United States*, 393 U.S. 410, 415–16, 89 S.Ct. 584, 588–89, 21 L.Ed.2d 637, 643–44 (1969).

**3.** In *Adkins*, we also addressed the issue of whether it is proper under Rule 41(c) of the West Virginia Rules of Criminal Procedure to consider evidence outside the "four corners" of the search warrant affidavit to determine if probable cause existed to issue the warrant. After reviewing the federal and state court decisions addressing this issue, we held in Syllabus Point 2 that:

"Under Rule 41(c) of the West Virginia Rules of Criminal Procedure, it is improper for a circuit court to permit testimony at a suppression hearing concerning information

not contained in the search warrant affidavit to bolster the sufficiency of the affidavit unless such information had been contemporaneously recorded at the time the warrant was issued and incorporated by reference into the search warrant affidavit."

Here, the trial court permitted the State to bolster the affidavit by considering the testimony of the issuing magistrate and the affiant police officer about facts not contained in the affidavit. This was error under Rule 41(c) since this information was not contemporaneously recorded. However, this error does not affect the basic validity of the warrant affidavit itself.

juana at his residence when they executed the search warrant.

After the prosecution's opening argument, the trial court ruled that the search warrant and affidavit could be admitted into evidence to prove the validity of the search. The trial court also held that the prosecution could not elicit any testimony concerning the previous sale or refer to it in argument to the jury. The prosecutor had made an oblique reference to the alleged sale in his opening statement, but no objection was made by defense counsel. Defense counsel conceded the defendant's guilt to simple possession of marijuana in his opening statement, but denied any intent to distribute.

■ The prosecution introduced the affidavit and search warrant during the direct testimony of its first witness and no reference was made to the alleged sale. The trial court then instructed the jury that the search warrant was valid. Defense counsel chose to cross-examine the witness concerning the alleged sale in an effort to prove that it had not, in fact, occurred. The defense also called three witnesses in its case-in-chief for the purpose of proving the defendant was somewhere else when the alleged sale took place. These tactics were employed to create a reasonable doubt about whether the defendant had intended to distribute the marijuana. The strategy was apparently successful since the defendant was found guilty only of possession. In view of these circumstances, we find no merit in this assignment of error.

■ The defendant's final assignment of error is equally unavailing. The defendant contends the trial court erred by refusing to require the State to disclose the identity of the confidential informant and the informant's friend who was present when the purchase of marijuana was made. This transaction was the basis for the search warrant, but, as we have previously pointed out, it was not the basis for the criminal charge on which the defendant was being tried. This charge arose from the marijuana later seized pursuant to the search war-

rant. The informant and his friend were not involved in this charge. We, therefore, find no merit in this assignment of error.

For the foregoing reasons, the judgment of the Circuit Court of Nicholas County is affirmed.

Affirmed.